# Exhibit B

Case 2:18-cv-00156-BCW   Document 2-2   Filed 02/20/18   Page 1 of 15

R. Matthew Feller (12345)
Kevin B. Coombs (15579)
Feller & Wendt LLC
1834 East 3100 North
Layton, Utah 84040
Telephone: (801) 499-506
mattfeller@fellerwendt.com
kcoombs@fellerwendt.com

Attorneys for Plaintiff

---

IN THE FIFTH JUDICIAL DISTRICT COURT

IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| **DAHLKE NICHOLAS,** | **FIRST AMENDED COMPLAINT** |
|---|---|
| Plaintiff, | |
| vs. | |
| **RED ROCK CANYON SCHOOL, L.L.C., RED ROCK CANYON SCHOOL – NON PROFIT ORGANIZATION; CENTER FOR ADOLESCENT RECOVERY AND EDUCATION, INC; CENTER FOR ADOLESCENT RECOVERY AND EDUCATION – NON PROFIT ORGANIZATION; OBEDIAH LONGORIA** and **DOES 1-10** | Case No. 170500497 |
| | Judge: Matthew L. Bell |
| Defendants. | Tier: 3 |

Plaintiff Nicholas Dahlke complains against the above named Defendants and alleges as follows:

# PARTIES

1. Plaintiff Nicholas Dahlke (hereinafter "Plaintiff" or "Nicholas") is a resident of San Bernadino County, California. Although now an adult, at the time of the incidents complained of, Nicholas was a 14 year-old child.

2. Upon information and belief, Defendant Red Rock Canyon School, L.L.C. (hereinafter "RRCS") was and continues to be a limited liability company with its principle place of business in Washington County, State of Utah.

3. Upon information and belief, Defendant Red Rock Canyon School Non-profit Organization ("RRCSNP") was and continues to be a nonprofit corporation with its principle place of business in Washington County, State of Utah.

4. Upon information and belief, Defendant Center for Adolescent Recovery and Education, Inc., ("CARE") is a Utah corporation conducting business in Washington County, State of Utah.

5. Upon information and belief, Defendant Center for Adolescent Recovery and Education, Non-Profit Organization ("CARENP") was, at the time of the events complained of, a Utah Corporation conducting business in Washington County, State of Utah.

6. Upon information and belief, Defendant Obediah Longoria was at the time of the incident in question, and continues to be, an employee of RRCS and is an individual residing in St. George, Utah.

7. Red Rock Canyon School, LLC and its associated business entities: Red Rock Canyon School non-profit Organization; Center for Adolescent Recovery and Education, Inc.;

Center for Adolescent Recovery and Education Non-Profit Organization are collectively referenced as Red Rock Canyon School, LLC or RRCS.

8. The names and capacities, or legal responsibility for the damages in this Complaint, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names, capacities and liabilities of DOES 1 through 10 when ascertained.

9. Plaintiff is informed and believes that each of the named Defendants and DOES 1 through 10, are legally responsible for the occurrences described in this pleading and Plaintiff's damages were proximately caused by those Defendants and DOES 1 through 10.

## JURISDICTION AND VENUE

10. The injuries giving rise to this Complaint occurred in St. George, Washington County, State of Utah, and thus venue is appropriate in the above entitled court pursuant to Utah Code Ann. §78B-3-307.

11. This action is of a civil nature and jurisdiction is conferred pursuant to Utah Code Ann. §78A-5-102.

## TIER ELECTION

12. Pursuant to Rule 26(c) of the Utah rules of Civil Procedure, this case qualifies for a Tier III designation.

## STATEMENT OF FACTS

13. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

14. This action arises as a consequence of personal injuries inflicted on a minor child on the premises of RRCS located at 747 East St. George Boulevard, St. George, Utah 84770, at various times in the summer of 2012.

15. Upon information and belief RRCS is one of the youth residential treatment centers managed and supervised by CARE and or CARENP.

16. RRCS is a youth residential treatment center.

17. Defendant Longoria was an employee of RRCS and was working within the course and scope of his employment with RRCS at all material times herein mentioned.

18. Longoria was authorized to work for RRCS, was subject to RRCS' control and was RRCS' agent.

19. Plaintiff was 14 years-old at the time he enrolled at RRCS in March 2012.

20. On July 7, 2012, Nicholas informed RRCS staff members that he had been threatened by another student and he did not feel safe returning to his room.

21. Despite his pleas, RRCS staff members forced Nicholas back to his room unsupervised.

22. Upon entering his room, Nicholas was punched in the nose by a student.

23. Following the punch to his nose, Nicholas was examined by RRCS staff and nurse but was only provided a cool compress and ibuprofen as needed.

24. Nicholas requested an x-ray, but his request was denied.

25. From July 10 to July 13, 2012, Nicholas continued to complain of pain and discomfort in his nose.

26. On July 13, 2012, Nicholas was referred to an Ear, Nose & Throat specialist (ENT) for further review.

27. Despite the referral on July 13, 2012, on July 15, 2012, Nurse VanAusdal at RRCS medical Clinic noted that an ENT appointment would be scheduled in the future.

28. It was not until July 23, 2012 that Nicholas went in to see the ENT and was diagnosed with an acute nasal fracture with a deviated septum.

29. Surgery was recommended and scheduled for July 31, 2012, but the doctor noted that because of the delay in treatment, he was worried he would be unable to properly set Nicholas' nose.

30. The following day, on July 24, 2012, Nicholas was in the RRCS cafeteria standing in line to get medicine.

31. Defendant Obediah Longoria ("Longoria"), an RRCS employee, pulled Nicholas out of line for being disrespectful.

32. Defendant Longoria asked Nicholas to move out of the line and stand by staff members until his peers were finished. Nicholas complied with this instruction.

33. Longoria, still unhappy, placed Nicholas in a Positive Control System (PCS) escort maneuver, restraining him by both his left arm and left wrists.

34. While being restrained, Nicholas complained of severe pain as Longoria escorted him to Time-Out.

35. When Longoria finally released Nicholas, RRCS staff noted an obvious deformity on Nicholas' wrist.

36. Nicholas was taken to the Dixie Regional Medical Center Emergency Room where he was diagnosed with a fractured left arm.

37. Surgery was performed to repair the fractured arm, and Nicholas was placed in a hard splint.

38. On July 31, 2012, Nicholas underwent surgery to repair his broken nose.

39. On August 6, 2012, RRCS records indicate that Longoria, the employee who broke Nicholas' arm, was still supervising and caring for Nicholas.

40. Despite the surgical repair of Nicholas' arm, he continued to suffer pain and discomfort.

41. Nicholas has been diagnosed with Complex Regional Pain Syndrome in his repaired arm.

42. Following failed attempts of conservative therapies to reduce the pain in Nicholas' arm, a spinal cord stimulator was implanted in order to provide relief for the continuing pain Nicholas was enduring.

43. Each incident of physical harm occurred on the premises of RRCS.

44. Each incident transpired because Defendants failed to properly supervise its students and staff members.

45. Upon information and belief Defendants willfully ignored Nicholas' pleas for help after being threatened by students.

46. Upon information and belief, Defendants failed to properly supervise their employees, including defendant Longoria.

47. Upon information and belief, Defendants failed to properly supervise and protect their students, including Nicholas.

48. Upon information and belief, Defendants failed to properly train their staff, including defendant Longoria to provide the necessary and proper care for its students, including Nicholas.

49. Upon information and belief, Defendants failed to hire qualified staff, including Longoria, knowing that these employees would be tasked with the care of vulnerable children who are at RRCS.

50. Upon information and belief, Defendants, their agents and/or employees, were aware that Nicholas was small in stature and fragile, yet Defendants, including Longoria continued to place Nicholas in harm's way.

51. Upon information and belief, defendants denied and/or failed to provide timely medical care to Nicholas.

52. On August 3, 2017, Plaintiff was issued a Certificate of Compliance from the Division of Occupational & Professional Licensing, Department of Commerce certifying that all requirements set forth in § 78B-3-418 and § 78B-3-423, of the Utah Code had been satisfied regarding prelitigation review of the above captioned matter.

**FIRST CAUSE OF ACTION**
(Negligence – All Defendants)

53. Plaintiff incorporates by reference the allegations contained in all paragraphs above.

54. Defendants owed a heightened duty of care to Nicholas because the Defendant undertook a duty to keep Nicholas safe.

55. Defendants had a duty to supervise their employees and direct them in a manner so as to protect the at-risk children from acts of violence or other harm while at RRCS.

56. Further, a special relationship existed between all Defendants and Nicholas. Nicholas was an at-risk, vulnerable child who was in Defendants' custody and control, and who was dependent upon Defendants for his food, shelter, therapy, well-being and security while at the RRCS.

57. The special relationship between the Defendants and Nicholas gave rise to special duties on the part of Defendants.

58. Further, Defendants were negligent in the following respects:

   a. They failed to enforce and obey safety rules and regulations promulgated for a facility such as RRCS;

   b. They failed to properly supervise the children at the school;

   c. The negligently supervised its employees, including Longoria;

   d. They negligently trained their employees, including Longoria, in the supervision of at-risk youth, such as Nicholas;

   e. They failed to protect Nicholas from threats of violence and injury from both RRCS peers and staff;

   f. They negligently hired employees, including Longoria, that were not fit for working in the presence of children, including Nicholas;

   g. They failed to immediately report child abuse to the proper authorities;

   h. They failed to provide the necessary medical care;

   i. Other such acts of negligence not currently discovered.

59. As a direct and proximate result of the negligence alleged herein, Nicholas was injured physically, emotionally, and financially in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
(Respondeat Superior – All Defendants)

60. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

61. Defendants are liable for any acts or omissions alleged herein that were committed by any of their respective agents and/or employees.

62. At the time of this incident, Defendants staff, including Longoria, was an employee/agent of Defendants and was in the course and scope of his employment/agency.

63. Defendants staff, including defendant Longoria, while acting in the course and scope of their employment for and on behalf of Defendants, breached their duty and failed to exercise a heightened duty of care in the following respects:

    a. Longoria engaged in an improper restraint, injuring Nicholas, a minor;

    b. Defendants failed to protect Nicholas after he informed them of threats of violence against him by other students at RRCS;

    c. Defendants denied and/or failed to provide timely medical care;

    d. Other such acts or omissions not yet discovered.

64. Because Defendants staff, including Longoria, were acting in the course and scope of their employment with Defendants at the time of this incident, Defendants are vicariously liable for their staff's negligence, recklessness, willful misconduct, and intentional acts.

65. As a direct and proximate result of the vicarious liability of Defendants, Nicholas was injured physically, emotionally, and financially in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
(Negligent Hiring – All Defendants except Longoria)

66. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67. Having undertaken the care for Nicholas during his residence, Defendants had a heightened duty to protect Nicholas from harm.

68. Defendants had a heightened duty to hire qualified staff.

69. Defendants had a heightened duty to hire sufficient amount of staff to keep students safe.

70. Defendants had a duty to protect its students, including Plaintiff, from unfit staff members, including Longoria.

71. Defendants failed to protect its students, including Plaintiff, from abuse at the hands of its employees by negligently hiring staff, including Longoria.

72. Upon information and belief, Defendants have a pattern and practice of choosing to hire unqualified staff.

73. Upon information and belief, Defendants have a pattern and practice of choosing to hire an insufficient amount of staff.

74. Upon information and belief, Defendants primary consideration when making hiring decisions was how it could make a profit, not the safety of the children.

75. Defendants failed to keep the children, including Plaintiff, safe when it chose to hire unqualified employees, including Longoria.

76. Defendants, failed to keep the children, including Nicholas, safe when it chose to hire an insufficient amount of staff.

77. Defendants knew or should have known that hiring unqualified employees and/or hiring insufficient amount of employees, posed an unnecessary and reckless risk of harm to the students, including Nicholas.

78. As a direct and proximate result of the negligence alleged herein, children, including Nicholas, were injured physically, emotionally, and financially in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
(Negligent Supervision and Training – All Defendants)

79. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

80. Defendants had a duty to train staff on safety policies and procedures.

81. Defendants had a duty to train staff on the proper use of restraint techniques.

82. Defendant had a duty to train staff on recognizing and intervening when threats are made against the children.

83. Upon information and belief, Defendants have a pattern and practice of failing to supervise staff and students.

84. Upon information and belief, Defendants have a pattern and practice of failing to keep students safe.

85. Defendants had a duty to supervise staff and students to ensure that safety policies and procedures were being followed.

86. Defendants had a duty to investigate suspicious behavior of staff and students.

87. Defendants had a duty to properly supervise and oversee its staff members, including Longoria's interactions with students.

88. Defendants chose to violate the aforementioned duties they owed to the children, including Plaintiff.

89. As a direct and proximate result of the negligence alleged herein, Plaintiff was injured physically, emotionally and financially in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
(Gross Negligence - All Defendants)

90. Plaintiff incorporated by reference and re-allege all preceding paragraphs as if fully set forth herein.

91. Defendants failed to observe even slight care

92. Defendants' acts and omissions were careless and reckless to a degree that showed utter indifference to the consequences of such acts and omissions.

93. As a direct and proximate result of the allegations contained herein, children, including Plaintiff, were injured physically, emotionally, and financially in an amount to be proven at trial.

94. Plaintiff also seeks punitive damages for Defendant's gross negligence in their care and treatment of Plaintiff.

## DAMAGES

95. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

96. As a direct and proximate result of Defendants wrongful acts, omissions as alleged herein, Plaintiff suffered injuries which required Plaintiff to incur past and future special

damages including lost wages, impairment of earning capacity, and past and future medical expenses in an amount to be proven at trial.

97. As a direct and proximate result of Defendants' wrongful acts, omissions, vicarious liability, negligence, willful misconduct and recklessness, Plaintiff has suffered, and will continue to suffer, general damages such as pain and suffering in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. For general damages, including pain and suffering, in an amount to be proven at trial;

B. For past and future special damages including, but not limited to lost wages, impairment of earning capacity, and past and future medical expenses in an amount to be proven at trial;

C. For punitive damages in an amount that acts as a punishment to the Defendants for their wrongs and as a warning to others not to offend in a like manner.

D. For costs of suit herein; and

E. For such further relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Utah Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of any issue triable by jury. The statutory fee was paid with the filing of the Plaintiff's Complaint.

DATED this 25th day of January, 2017.

        FELLER & Wendt LLC


        */s/ Kevin B. Coombs*
        R. Matthew Feller
        Kevin B. Coombs
        Attorneys for Plaintiff